Case 4:26-cv-00691   Document 11   Filed 03/14/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AMAURI FUENTES-AVILES,** | § § § | |
| Petitioner, | § § | |
| VS. | § § | **CIVIL ACTION NO. 4:26-cv-00691** |
| **KRISTI NOEM,** *et al.*, | § § § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Amauri Fuentes-Aviles's Motion to Enforce (ECF No. 7). For the reasons that follow, the Court now **VACATES** its February 4 order (ECF No. 6), **ORDERS** that Petitioner be released from custody by the end of the day on Tuesday, March 17, 2026, and **DENIES AS MOOT** Petitioner's Motion to Enforce (ECF No. 7).

**I.    BACKGROUND**

Petitioner is a citizen of Cuba who entered the United States in 2022. ECF No. 1 at ¶ 55; ECF No. 1-1, Exh. 1 at 2. After initial entry, he was issued a Notice to Appear (NTA) charging him with being "an alien present in the United States who has not been admitted or paroled" and therefore inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(A)(i)). *Id.* Petitioner's counsel confirmed via email that immigration authorities then released Petitioner on his own recognizance subject to an I-220A.

Despite making no allegation that Petitioner violated any conditions of release, Respondents re-detained Petitioner at a routine ICE check-in. ECF No. 1 at ¶ 12; ECF No. 7 at 7.

He remains in custody. The Government's position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Petitioner's re-detention causes severe harm, as he "faces the prospect of months, or even years, in immigration custody, separated from his family and community." ECF No. 1 at ¶ 62.

On February 4, 2026, this Court ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. ECF No. 6. Following that order, the Fifth Circuit issued its decision in *Buenrostro-Mendez v. Bondi*, No. 25- 20496, ---- F.4th ---- 2026 WL 323330 (5th Cir. Feb. 6, 2026). Pursuant to that decision, on February 10, 2026, an IJ denied bond, finding that the "Court [did] not have jurisdiction to set a bond," citing *Buenrostro-Mendez*. ECF No. 8-1, Exh. 1. Petitioner explains that the IJ issued this order in advance of the bond hearing scheduled for February 11, 2026, and that no bond hearing was ever held. ECF No. 7 at 2; ECF No. 9 at 1. Petitioner filed the instant Motion to Enforce after the IJ issued the order denying bond.

## II.   ANALYSIS

Petitioner argues that his re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. ECF No. 1 at ¶¶ 72-77; ECF No. 9 at 1-2. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address his other claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of

changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

### III.   RELIEF

The Court therefore **ORDERS** that Petitioner be released from custody by the end of the day Tuesday, March 17, 2026, pursuant to the terms of his prior release order. Petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of his release. Respondents similarly may not subject Petitioner to additional conditions of release without showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court on or before March 18, 2026, informing the Court of the status of Petitioner's release.

Signed at Houston, Texas on March 14, 2026.

_____
Keith P. Ellison